# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

(1) SOONER LEGENDS LLC d/b/a )
    SOONER LEGENDS INN & SUITES, )
                                          Plaintiff, )
vs.                                      ) Case No. CIV-14-1187-F
                                                )
(1) GREAT AMERICAN INSURANCE )
    COMPANY OF NEW YORK, a )
    Subsidiary of American Financial )
    Group, )
                                          Defendant. )

## COMPLAINT

Plaintiff Sooner Legends LLC dba Sooner Legends Inn & Suites for its cause of action against Defendant Great American Insurance Company of New York alleges and states as follows:

## PARTIES TO THE LITIGATION

1. Sooner Legends LLC dba Sooner Legends Inn & Suites ("Sooner Legends") is an Oklahoma limited liability company located in Norman, Cleveland County, State of Oklahoma.

2. Great American Insurance Company of New York, a subsidiary company of American Financial Group ("Great American") is a New York corporation authorized to conduct insurance business in the State of Oklahoma and maintains its administrative offices in Cincinnati, Ohio.

3.

## JURISDICTION AND VENUE

4. Jurisdiction is invoked because the parties to the litigation are diverse and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, attorneys' fees and costs and satisfies the jurisdictional requirements pursuant to 28 U.S.C. §1332. Venue of this Court is invoked because the events giving rise to these claims occurred in Cleveland County, State of Oklahoma.

## FACTS APPLICABLE TO ALL CLAIMS

4. Great American issued and Sooner Legends paid the premium for a BusinessPro policy of insurance, Policy Number PAC2601300, with effective coverage dates of October 1, 2012 through October 1, 2013 covering the premises known as Sooner Legends.

5. On March 31, 2013 and within the effective dates of the policy of insurance issued by Great American which afforded coverage for specific perils including windstorm and hail, the City of Norman, Oklahoma experienced severe weather that produced a wind and hailstorm causing property damage to Sooner Legends.

6. Sooner Legends sustained property damage to its structure as a direct result of the hailstorm on March 31, 2013.

7. At the time of the loss, Sooner Legends filed a notice of claim and Great American acknowledged receipt of the claim by identifying both an event and a claim number of S311552610 on April 2, 2013.

8.     Sooner Legends, at the time of the claim, was insured for a building limit of $9,000,000 with a $2,500 deductible.

9.     Shortly after acknowledging the Notice of Claim, Great American retained the services of an independent insurance adjusting firm, Crawford & Company, to inspect the roof and adjust the reported wind and hail damage claim.

10.    Crawford & Company assigned Leonard Lipps ("Lipps"), a property adjuster inspector to inspect the property. Lipps inspected the wind and hail damages caused by the hailstorm on April 5, 2013.

11.    Lipps evaluated the damage and prepared a written report that contained a description of the damaged areas of the property, the work required to repair the property and the costs of the materials required to complete the repairs caused by the wind and hail damage.

12.    In addition to the detailed description of the wind and hail damage to the metal and flat roof structure of the premises, Lipps' written report also contained a description of damage to the exterior brick and stucco of the premises of Sooner Legends.

13.    The Crawford & Company written report prepared by Lipps calculated a "net claim" in the amount of $497,043.62.

14.    The Crawford & Company written report prepared by Lipps, however, materially failed to include all of the damage sustained to the covered property due to the wind and hailstorm. For example, the written report failed to include the overhead and profit, damage sustained to pool patio furniture and interior damage to personal property caused by leaks from the roof due to the hailstorm.

15. Lipps of Crawford & Company agreed to meet with representatives of Sooner Legends. Lipps inspected the additional damage caused by the wind and hailstorm and concluded that the damage caused by the hailstorm was "extensive and substantial." Lipps advised Sooner Legends that the damages exceeded his claims authority of $500,000 and, in his opinion and experience, the loss would likely approach in excess of $800,000.

16. Sooner Legends made repeated requests to Great American and Crawford & Company to obtain a copy of the written report generated and prepared by Lipps. Despite these reasonable requests, Great American and Crawford & Company failed and refused to produce the written report that purportedly outlined and described the property damage sustained due to the wind and hailstorm.

17. Upon information and belief, Great American did not agree with the damage calculations and adjustment performed by its agent, *i.e.*, Lipps of Crawford & Company. Dissatisfied with the written report and damage calculations, Great American retained an engineering firm, Unified Building Sciences ("UBSE"), to allegedly conduct an engineering and loss consultation inspection.

18. On April 19, 2013, UBSE sent its representatives to Norman to inspect the property of Sooner Legends.

19. On May 21, 2013, UBSE prepared a written report of its inspection. The UBSE report adjusted the hail damage claim in the amount of $312,935.97 – a difference of approximately $185,000.00 less than the initial damage report of Lipps from Crawford & Company.

20. In addition, the UBSE report, unlike the Crawford & Company report, concluded that the interior leaks identified after the wind and hailstorm were the result of "maintenance-related and installation related issues," despite the fact that Sooner Legends had not experienced any interior water damage leaks before the wind and hailstorm damage.

21. On June 7, 2013, Great American wrote Sooner Legends stating it was prepared to conclude the claim for a "gross amount" of $340,935.72, less depreciation of $49,203.78, resulting in a "net payment" for the property damage loss due to the wind and hailstorm in the amount of $291,731.94.

22. On June 18, 2013, while the claim was pending and negotiations continued and three months before the expiration of the insurance policy issued by Great American, Great American submitted a Notice of Nonrenewal of Insurance to Sooner Legends.

23. Because of the actions of Great American, Sooner Legends was forced to retain a private consultant adjuster to assist it in adjusting the wind and hail damage claim. Sooner Legends believed that its own representative could assist in reaching a fair and reasonable evaluation of the wind and hailstorm damage claim.

24. Randall Harris ("Harris"), the adjuster retained by Sooner Legends, inspected the property and damage caused by the wind and hailstorm. Harris told Great American that both he and Sooner Legends did not agree with the report and evaluation of UBSE. Instead, Harris believed the initial adjuster, Lipps of Crawford & Company, assessed a more reasonable evaluation and calculation for the wind and hail damage to the roof and exterior of the property.

25. Harris requested that Great American re-evaluate its claim and further requested a face-to-face meeting with representatives of Great American and UBSE in an attempt to gain an understanding of their damage calculations.

26. In response to this request, Great American wrote to Harris on July 23, 2013 and acknowledged the conclusions and calculations contained within the Crawford & Company report but attempted to quickly explain that the Crawford & Company report was not relevant to its current evaluation of the wind and hailstorm property damage claim.

27. Despite the reasonable request to re-evaluate and meet to discuss the claim, Great American continued to resist until August 22, 2013 when it wrote to Harris confirming a re-inspection which it scheduled on September 5, 2013. The scheduled inspection was initially canceled but an actual inspection of the Sooner Legends property occurred on September 12, 2013.

28. On September 26, 2013, Great American wrote to Harris and "stood by its previous estimates on the value of the claim." However, following the September meeting, Great American finally acknowledged damage to the interior premises caused by the leaks resulting from the wind and hailstorm; but limited the damages to the interior to $9,483.81.

29. Great American has and continues to maintain that the roof damage caused by the wind and hailstorm can be patched and that the roof is not a total loss despite its initial adjuster, Lipps of Crawford & Company, reaching a different conclusion that the roof is a total loss.

## FIRST CAUSE OF ACTION
## <u>BREACH OF CONTRACT</u>

30. Sooner Legends adopts by way of reference each allegation set forth in paragraphs 1 – 29 above.

31. At the time of the events described above giving rise to Sooner Legends' claim under the policy, Sooner Legends was an insured under the Great American policy and was entitled to benefits under said policy of insurance.

32. All conditions precedent to coverage under the Great American insurance policy have been met.

33. Sooner Legends timely submitted claims for benefits under the Great American policy and properly placed Great American on notice of the claim.

34. Great American breached its obligation to Sooner Legends under the terms and conditions of the Great American policy by wrongfully refusing and failing to pay Sooner Legends the benefits to which it is entitled under the Great American policy.

35. Sooner Legends has sustained damages as a direct result of Great American's breach of its obligations to Sooner Legends under the terms of Great American's policy in excess of Seventy-Five Thousand Dollars ($75,000).

WHEREFORE, Sooner Legends prays for judgment against Great American as to its first cause of action as follows:

(a) For its actual damages in an amount in excess of $75,000 and as determined by the jury at the time of trial;

(b) For interest as provided by law;

(c)     For its costs;

(d)     For a reasonable attorney fee; and

(e)     For such other and further relief that is just, equitable and proper.

**SECOND CAUSE OF ACTION
BAD FAITH BREACH OF CONTRACT /
<u>BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING</u>**

36.     Sooner Legends adopts by way of reference each allegation set forth in paragraphs 1 – 35 above.

37.     Defendant Great American advertises for business and markets and solicits insurance business in the State of Oklahoma.

38.     At the time of the events described above giving rise to Sooner Legends' claims under the Great American policy, Sooner Legends was an insured under the Great American policy and was otherwise entitled to benefits under said policy of insurance and all conditions precedent to coverage under the Great American policy were met.

39.     Sooner Legends timely submitted its claims for benefits under the Great American policy.

40.     Defendant Great American wrongfully denied payment to Sooner Legends of benefits under the Great American policy.

41.     In its handling of Sooner Legends' claims, and as a matter of routine business practice in handling like claims under these policies, Great American breached its duty to deal fairly and act in good faith toward Sooner Legends by:

   a.   Failing and refusing payment and other benefits under the insurance policy on behalf of Sooner Legends at a time when Defendant Great American knew that Sooner Legends was entitled to those benefits;

b. Failing to properly investigate Sooner Legends' claims and to obtain additional information both in connection with the original refusal and following the receipt of additional information;

c. Withholding payment of the benefits on behalf of Sooner Legends knowing that Sooner Legends' claims for those benefits were valid;

d. Refusing to honor Sooner Legends' claims in some instances for reasons contrary to the express provisions of the insurance policies and/or Oklahoma law;

e. Refusing to honor Sooner Legends' claims in some instances by applying restrictions not contained in the insurance policies;

f. Refusing to honor Sooner Legends' claims in some cases by knowingly misconstruing and misapplying provisions of the insurance policies;

g. Failing to adopt and implement reasonable standards for prompt investigation and reasonable handling of claims arising under the insurance policy, to include Sooner Legends' claims;

h. Not attempting in good faith to effectuate a prompt, fair and equitable settlement of Sooner Legends' claims once Great American's liability had become reasonably clear;

i. Failing to properly evaluate any investigation that was performed;

j. Failing and refusing to pay benefits under the insurance policy without any legal or factual justification;

k. Failing to provide sufficient funds to effect repairs and subsequently non-renewing the insurance policy making the property uninsurable but at an increased rate and premium;

l. Disregarding the damage estimate prepared by its retained adjuster, Lipps of Crawford & Company, which supported Sooner Legends claim for benefits, and shopping for another opinion to delay and lessen the amount of Sooner Legend's actual loss;

m. Refusing to produce a copy of the original estimate prepared by its own adjuster for several months;

n. Creating a shared defense by soliciting predictably biased opinions from outside engineers;

o. Unreasonably relying upon opinions from appraisers and engineers which clearly contained erroneous and inaccurate information; and

p. Actively searching for reasons to minimize and deny certain aspects of the claim rather than pay the Sooner Legends' claim.

42. As a direct and proximate result of Defendant Great American's breach of implied covenant and fair dealing, Sooner Legends has suffered the loss of benefits under the Great American policy, financial hardship, attorneys' fees and other monetary damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

43. By engaging in the conduct described above, Defendant Great American has acted intentionally and with malice towards others or has been guilty of reckless disregard for the rights of others entitling Sooner Legends to punitive damages.

WHEREFORE, Sooner Legends prays for judgment against Defendant Great American as to its Second Cause of Action as follows:

a. For its actual damages in a sum in excess of $75,000.00, and as determined by the jury at the time of trial;

b. For punitive damages in a sum as determined by the jury at the time of trial;

c. For interest thereon as provided by law;

d.  For its costs;

e.  For a reasonable attorneys' fee; and

f.  For such other and further relief that is just, equitable and proper.

Respectfully submitted,

s/Woodrow K. Glass
Stanley M. Ward, OBA# 9351
Woodrow K. Glass, OBA# 15690
Scott F. Brockman, OBA# 19416
R. Ben Houston, OBA#14751
Barrett T. Bowers, OBA #30493
Brent L. Neighbors, OBA #15910
WARD & GLASS, L.L.P.
1821 E. Imhoff, Suite 102
Norman, Oklahoma 73071
Telephone:   (405) 360-9700
Facsimile:   (405) 360-7902
**ATTORNEYS FOR PLAINTIFF**

**ATTORNEY'S LIEN CLAIMED**
**JURY TRIAL DEMANDED**